IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRUCE FLOYD                                                                                                     PLAINTIFF

v.                                      Case No. 4:15-cv-4111

STATE OF ARKANSAS DEPARTMENT
OF PARKS AND TOURISM; RICHARD
DAVIES; MARK STEINDL; SHEA LEWIS;
EDWARD DONIHOO; MIKE ROBERTS; and
JOHN DOES 1-5                                                        DEFENDANTS

## MEMORANDUM OPINION

On December 22, 2017, the Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment. ECF No. 54. The remaining claims in this case are as follows: (1) Plaintiff's § 1983 retaliatory discharge claim against the Individual Defendants[1] in their individual capacities; (2) Plaintiff's § 1983 claim for prospective injunctive relief against the Individual Defendants in their official capacities; and (3) Plaintiff's claim for a declaratory judgment regarding Plaintiff's § 1983 retaliation claim.

On January 3, 2018, Defendants filed a Motion for Reconsideration requesting that the Court reconsider its order denying summary judgment as to the § 1983 retaliatory discharge claim. ECF No. 58. The Court granted the Motion to Reconsider and ordered further briefing from the parties. ECF No. 60. Defendants filed a brief (ECF No. 63), and Plaintiff filed a responsive brief. ECF No. 64. Defendants filed a reply. ECF No. 65. Presently before the Court is the issue of whether Defendants are entitled to summary judgment as to the remaining claims.

---

[1] The Individual Defendants in this case are Richard Davies, Mark Steindl, Shea Lewis, Edward Donihoo, and Mike Roberts.

BACKGROUND

The Court will set forth an abbreviated statement of the material facts pertinent to Plaintiff's remaining claims.[2] In 2008, Plaintiff was hired by the Arkansas Department of Parks and Tourism ("ADPT") as a part-time maintenance tech at Historic Washington State Park. During his employment, Plaintiff became frustrated by his immediate supervisor's conduct and requested a meeting to discuss the issue. Plaintiff believed that his supervisor, Edward Donihoo, was "out to get him" and was "spying on him." On July 31, 2013, Plaintiff met with Donihoo, Mike Roberts (Donihoo's immediate supervisor), and Brandon Owen (Historic Washington State Park Superintendent). Owen terminated Plaintiff during the meeting. However, Plaintiff was rehired at the same position later that day.

On August 3, 2013, Plaintiff filed a grievance with the ADPT complaining of discriminatory conduct by Donihoo. Mark Steindl, Procurement Manager and Hearing Officer of the ADPT, presided over a grievance hearing on August 26, 2013, and determined that Donihoo's conduct was improper for a supervisor. On August 28, 2013, the ADPT received an anonymous letter stating that there was an "air of hostility" in Historic Washington State Park and that witnesses in the grievance hearing feared being retaliated against. ECF No. 44-6.

Plaintiff testified in his deposition that around the second week of December 2014, he contacted the "state ranger" by telephone.[3] Plaintiff could not remember the ranger's full name but stated that he thought his last name was Rutledge. Plaintiff stated that he told the ranger about Donihoo's conduct,[4] alleged misconduct by Mike Roberts, and Brandon Owen's inaction when a

---

[2] A full recounting of the facts can be found in the Court's Memorandum Opinion and Order filed December 22, 2017. ECF No. 54.
[3] The Court notes that in his brief in support of his motion for summary judgment, Plaintiff states that he "attempted to contact the state ranger." ECF No. 34, p. 5. Thus, what type of contact was actually made is unclear. However, the Court will assume that Plaintiff made contact with the ranger by telephone as Plaintiff stated in his deposition.
[4] The record is unclear exactly what Plaintiff told the ranger about Donihoo's conduct. Plaintiff stated in his deposition that he told the ranger that he had filed a grievance against Donihoo. When asked what he told the ranger about

co-worker pulled a knife on another co-worker. Plaintiff testified that the ranger never followed through, never talked to anybody, and never investigated anything. Plaintiff further testified that if the ranger did talk to someone about the conversation, he "just talked to people higher up" and not to anyone in the maintenance department. ECF No. 35-2, p. 22.

On January 6, 2015, Plaintiff was terminated for "lack of work," which, according to the ADPT, means that there was not enough work to be done to justify the part-time maintenance position. A full-time maintenance employee was hired in August 2015.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that

---

Donihoo, Plaintiff replied that he told the ranger the "same things [Plaintiff has] been telling [ADPT's attorney] right here today."

3

it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

As stated earlier, the claims presently before the Court are as follows: (1) Plaintiff's § 1983 retaliatory discharge claim against the Individual Defendants in their individual capacities; (2) Plaintiff's § 1983 claim for prospective injunctive relief against the Individual Defendants in their official capacities; and (3) Plaintiff's claim for a declaratory judgment regarding his § 1983 retaliation claim.

### A. § 1983 Retaliation Claim Against Individual Defendants in their Individual Capacities

Plaintiff claims he was terminated by the Individual Defendants for filing a grievance that complained of discriminatory conduct and for calling a park ranger to complain of discriminatory conduct. Plaintiff brings this claim under 42 U.S.C. § 1983, alleging a violation of his First Amendment right to free speech. The Individual Defendants argue that they are entitled to summary judgment on this claim because Plaintiff has failed to establish a prima facie case of retaliation.

"To establish a prima facie case of retaliation, a plaintiff must allege and prove that: (1)[]he

4

engaged in activity protected by the First Amendment; (2) that the defendant took an adverse employment action against [him]; and (3) the protected conduct was a substantial or motivating factor in the defendant's decision to take the adverse employment action." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 657 (8th Cir. 2007) (citing *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977)). Typically, in determining whether speech is constitutionally protected, the Court would consider whether the employee spoke as a citizen on a matter of public concern. *Id*. The Individual Defendants, however, do not challenge the fact that Plaintiff engaged in the protected activities as a citizen and that they involved a matter of public concern. Further, there is no dispute as to whether Plaintiff suffered an adverse employment action. Thus, the only issue before the Court with respect to establishing a prima facie case is whether Plaintiff's filing of a grievance and his contacting the ranger were a substantial or motivating factor in the decision to terminate him.

In its previous Memorandum Opinion and Order, the Court found that Plaintiff's Title VII retaliatory discharge claims should be dismissed because "Plaintiff has not shown a causal connection between his filing of a grievance and his termination," and because "Plaintiff has not shown a causal connection between his contacting the ranger and his termination." ECF No. 54, pp. 16-17. Both Title VII retaliation claims and First Amendment retaliation claims are analyzed under the same framework, *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 986 (8th Cir. 2011), and require that a plaintiff engage in a protected activity that is "causally connected" to the adverse employment action taken against him. *Okruhlik v. Univ. of Ark.*, 395 F.3d 872, 878 (8th Cir. 2005). Both Plaintiff's Title VII and First Amendment retaliation claims are based on the same conduct by Plaintiff. Thus, for the same reasons[5] that Plaintiff failed to show that his conduct was causally

---

[5] The Court sets forth these reasons on pages 15-17 of its Memorandum Opinion and Order filed December 22, 2017. ECF No. 54.

connected to his termination in the context of Title VII, he has failed to show that his conduct was a substantial or motivating factor in the decision to terminate him in the context of the First Amendment. Accordingly, Plaintiff's First Amendment retaliation claim must fail.[6]

B.  § 1983 Claim for Injunctive Relief Against Defendants in their Official Capacities

Plaintiff requests that the Court enjoin Defendants from engaging in "unlawful employment practices." ECF No. 1, p. 16. The Court, however, declines to do so. Plaintiff has failed to establish a prima facie case of First Amendment retaliation, and thus the Court cannot find that he is entitled to injunctive relief pursuant to 42 U.S.C. § 1983.

C.  Declaratory Judgment

Rule 57 of the Federal Rules of Civil Procedure governs the procedure for obtaining a declaratory judgment. Plaintiff requests that the Court declare that "Richard Davies, Edward Donihoo, Mike Rogers, [and] Shea Lewis . . . conspired to harass and discriminate against the Plaintiff in violation of . . . 42 U.S.C. § 1983 . . .; that such conduct violated Plaintiff's constitutional rights in accordance with the First and Fourteenth Amendments to the United States Constitution; and, that Plaintiff sustained damages as a result." ECF No. 1, pp. 12-13. Because the Court has determined that Plaintiff is not entitled to relief under 42 U.S.C. § 1983, the Court declines to enter a declaratory judgment regarding this claim.

CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 35) as to the following claims is **GRANTED**: (1) Plaintiff's § 1983 retaliatory discharge claim against the Individual Defendants in their individual capacities; (2) Plaintiff's

---

[6] Because the Court finds that Plaintiff cannot establish a prima facie case of First Amendment retaliation, it is not necessary for the Court to consider the Individual Defendants' qualified immunity argument.

§ 1983 claim for prospective injunctive relief against the Individual Defendants in their official capacities; and (3) Plaintiff's claim for a declaratory judgment regarding Plaintiff's § 1983 retaliation claim.  These claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, on this 31st day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge